FILED

IN THE

UNITED STATES DISTRICT COURT

2015 AUG 31 P 1:50

FOR

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

THE EASTERN DISTRICT OF VIRGINIA

(ALEXANDRIA DIVISION)

| | |
|---|---|
| **RAY ELBERT PARKER,** )<br>Hunting Point Apartments )<br>(a/k/a *Bridgeyard Apartments*) )<br>1204 South Washington Street )<br>Suite 604 W )<br>Alexandria, Virginia 22314 )<br>(703) 328 – 2366 )<br>)<br>       Plaintiff pro se )<br>)<br>v. )<br>)<br>)<br>***HUNTING POINT APARTMENTS, LLC*** )<br>(a/k/a Bridgeyard Apartments), a Delaware )<br>Corporation affiliate of *The Laramar Group,* )<br>doing business in Virginia as a foreign LLC, )<br>*Registered Agent* )<br>CT Corporation Systems )<br>4701 Cox Road, Suite 285 )<br>Glen Allen (Richmond), Virginia 23060-6802 )<br>(804) 217 – 7255 )<br>)<br>       Defendant; )<br>)<br>    And )<br>) | **Civil Action No. 1:15CV590** |

**HUNTING POINT APARTMENTS, LLC,** )
a Delaware Corporation affiliate of the )
Chicago, Illinois based, *The Laramar Group* )
*Registered Agent* )
The Corporation Trust Company )
Corporation Trust Center )
1209 North Orange Street )
Wilmington, Delaware 19801 )
(302) 658 – 7581 )
                               )
                Defendant; )
                               )
                And )
                               )

**JEFF ELOWE, PRESIDENT/CEO** )
Individually and on behalf of The Laramar )
Group officials as follows: )
*Keith Harris*, Chief Investment Officer )
*Marc Jason*, Chief Financial Officer )
*Tom Klaess*, Chief Operating Officer )
*Steve Boyack*, VP Asset Management )
*Bennett Neuman, Sr.,* Sr. VP Acquisitions )
*Ben Slad*, Assistant VP Asset Management )
*Scott McMillan,* VP Accounting )
**The Laramar Group** )
30 South Wacker Drive, Suite 2750 )
Chicago, Ilinois 60606 )
                               )
                Defendants'; )
                               )

**THE HONORABLE GINA McCARTHY**, )
Administrator, individually and on behalf )
of Shawn M. Gavin, Region 3 Administrator )
and all Region 3 officials individually )
U. S. Environmental Protection Agency )
William Jefferson Clinton Building South )
1200 Pennsylvania Avenue, NW )
Room 1101 A )
Washington, D. C. 20004 )
(202) 272 – 0167 )
                Defendants'. )
_____)

|  |  |
|---|---|
| and | ) |
|  | ) |
| **IRA LUBERT & DEAN ADLER,** | ) |
| Individually and on behalf of *Lubert-Adler Co.* | ) |
| 2929 Arch Street | ) |
| Suite 1650 | ) |
| Philadelphia, Pennsylvania 19104 | ) |
| (215) 972 - 2200 | ) |
|  | ) |
| Defendants' | ) |
|  | ) |

-2 A-

# AMENDED COMPLAINT
# FOR DENIAL OF CONSTITUTIONAL AND CIVIL RIGHTS, AGE DISCRIMINATION, DISCRIMINATION BY ECONOMIC DETERMINISM, GENTRIFICATION, COLLUSION, PERSONAL INJURY AND CONSPIRACY BY SILENCE TO COVER-UP THE HAZARDS TO HEALTH, LIFE, CAREER AND BUSINESS

1. **COME NOW** the plaintiff, *Ray Elbert Parker,* and files the *Amended* Complaint on grounds of *irreparable personal life threading injury* and corollary issues stated above for a unique precedent setting *constitutional* and *civil rights* action in the *first instance* involving alleged willful, clandestine, surreptitious and malicious acts, actions and conduct by billionaire developers, and federal government officials, by *collusion* and *conspiracy in silence,* and *the ongoing cover-up* resulting in *gentrification, displacement* and attempted *unlawful ouster* of Mr. Parker, and every man, woman, child and pet similarly situated suffering ouster, displacement and being *involuntarily evicted* from all 540 units at *Hunting Point Apartments;* albeit, a *total "blanket eviction"* to purposely avoid liability evidenced by four years of disruptive discomfort, negligent exposure to hazard materials and renovation; and. callous and inconsiderate acts, actions and conduct of *The Laramar Group*, which is usurped only by their lust for more *booty* to trump the "Trump."

Mr. Parker moves this honorable court for *declaratory* and *injunctive relief* and for damages as set forth herein. Due to the magnitude of Mr. Parker's personal injury, deprivation of constitutional and civil rights, an issue is raised in the *first instance*. Mr. Parker respectfully demands a *trial by jury* of twelve, the responsibility of the trier of fact.

## JURISDICTION

2. This cause of action *arises under* federal law pursuant to 28 U.S.C. §§ 2201, 2202, 1331,1332,1343,1345,1346; 42 U. S. C. §§ 1983,1985,1988, et seq.; 42 U. S. C. § 3601 et seq.; Articles III, IV, VII, XIII IX, XIV of the Constitution of the United States; Civil Rights Acts of 1866, 1964,1968; Federal Fair Housing Act of 1968, 1988; 42 U. S. C. § 7401 et seq.; Toxic Substance Control Act (TSCA), Title 15, Chapter 53, Pub. L. 114 - 19; 15 U. S. C. § 2607 (f); 29 CFR 1910 – 1001, 1926 -1101; 16 CFR Part 1304; and Rule 8 (a) (1) (2) (3) of the Federal Rules of Civil Procedure that raises a constitutional and tort *personal injury* issue in the *first instance*.

## PARTIES

3. Plaintiff, **Ray Elbert Parker,** is an 87 year old senior citizen, Korean War veteran and a native Virginian domiciled in the Commonwealth of Virginia at the Hunting Point Apartments, which is now property acquired from VDOT in a *secret* and *clandestine purchase* in **2013** *by* the Chicago based *Laramar Group.* Mr. Parker has been a resident of Huntington Towers (a/k/a as "Hunting Point" a/k/a "Bridgeyard") in good standing without ever being in default, tardy or missing a rent payment over a twenty year period dating from 1995 up to and including the present, but has now suffered personal injury directly attributable to defendants.

Mr. Parker has a legally protective and tangible *personal stake* in the outcome of this controversy as a direct result of the *personal injury* directly traceable to defendants.

-4-

4. Defendant, **Hunting Point Apartments, LLC**, a Delaware Limited Liability Company, is a property owned and operated by the Chicago based Laramar Group doing business in Virginia as an out-of-state legal entity.

5. Defendant, **Jeff Elow,** is President and CEO of the Chicago based Laramar Group, who is being sued individually on behalf of the entire group. Mr. Elow heads up real estate interests not dealing in millions, but billions, with properties all over the United States which they control or alternatively, operate under different legal entity or fictitious names. Hunting Point (a/k/a Bridgeyard) is one such property at all times relevant responsible for plaintiff's personal injury.

6. Defendant, **Gina McCarthy**, is the Administrator for the United States Environment Protection Agency with responsibility for several geographic regions; and specifically, the region three (3) responsible branch for the states of **Delaware**, District of Columbia, Maryland, Pennsylvania, West Virginia and **Virginia** allegedly responsible for the cover-up and prevention of Mr. Parker's personal injury.

She is being sued individually and on behalf of Shawn M. Garvin, Administrator, Region Three (3),) as well as all officials and employees relevant to this cause of action.

## FIRST CAUSE OF ACTION

7. The allegations contained in Paragraphs 1 – 6 are incorporated herein, by reference, pursuant to **Rule 10 (c)** of the Federal Rules of Civil Procedure, as if fully stated again.

8. Plaintiff alleges that defendant, *Laramar Group, by ongoing* negligent construction and renovation in their *Hunting Point Apartments (a/k/a "Bridgeyard") beginning in* 2013 up to and including the filing of this cause of action, and beyond, have willfully, deliberately and maliciously exposed Mr. Parker to immediate, or long term *irreparable* injury, by *life threatening malignant mesothelioma (a/k/a asbestos)* and dysphagia, covering a four year period which results in a poor diagnosis for survival.

Mr. Parker, and others similarly situated, have been subjected to the danger of mesothelioma due to the reckless abandonment for safety of human beings by the Laramar Group, whether intentionally or unintentionally.

Plaintiff alleges that he is entitled to the relief requested below, both *retroactively* and *prospectively,* due to the callous, inconsiderate and surreptitious acts, actions and *ruthless* conduct directly traceable to the defendants', who at all times relevant show no remorse for their *ongoing* harm, inconvenience, displacement, eviction, injury and well-being of people displaced without remedy, judicial or otherwise.

## SECOND CAUSE OF ACTION

9. The allegations contained in Paragraphs 1 – 8 are incorporated herein, by reference, pursuant to **Rule 10 (c)**, Federal Rules of Civil Procedure, as if fully stated again.

10. Mr. Parker alleges that he has no remedy whatsoever for relief, either state or federal, from the *ongoing* cosmetic construction being carried out by defendants' that place him, and others similarly situated in harm's way by asbestos injury, displacement, or street person existence and long term illness since there are no federal laws

that govern mesothelioma, which is only jurisdictionally applied by limited or undefined state laws of the United States.

Mr. Parker alleges that he is entitled to the relief requested due to the *personal injury,* not correctable, and the denial of constitutional and civil rights by defendants' that have subjected him to precarious health hazards, homelessness, stress, duress, mental and emotional anguish, financial pauperism, monetary coercion, physical insecurity, interference with peace of mind, age discrimination and irreparable injury.

## THIRD CAUSE OF ACTION

11. The allegations contained in Paragraphs 1 – 10 are incorporated herein, by reference, pursuant to **Rule 10 (c)**, Federal Rules of Civil Procedure, as if fully stated again.

12. Mr. Parker alleges that this case brings before this honorable court a constitutional and civil rights issue *in the first instance* based on discrimination in violation of civil rights provisions and constitutional amendments as set forth above, *challenging red lining, social steering, economic determinism* and *gentrification,* the process of the 21st century developers and municipalities that allow the process of renewal, renovation and rebuilding accompanying the influx of the upper middle-class people into deteriorating or red lined areas to promote diversity that displace, evicts and often result in street person existence for earlier residents who can't afford exorbitant increased rents collected by the *Robbing Hoods* of budding empires that *steal from the poor to give to the rich* or alternatively, the new golden rule: "*Those who have the 'gold' and the 'power' – RULE!*"

Mr. Parker alleges that he is entitled to the relief below; further, plaintiff moves this honorable court to make a *definitive decision* on the constitutional question raised in the *first instance* pertaining to *"gentrification."*

## FOURTH CAUSE OF ACTION

13. The allegations contained in Paragraphs 1 – 12 are incorporated herein by reference, as if fully stated again.

14. Plaintiff alleges *collusion* and a *conspiracy of silence* by the United States Environmental Protection Agency, Region Three, with jurisdiction over *Delaware* where Hunting Point Apartments, LLC are incorporated; and, *Virginia*, the geographic location of the Alexandria Hunting Point Apartments (a/ka "Bridgeyard").

Mr. Parker alleges that as a direct result of exposure of every man, woman, child and pet situated in the Hunting Point Apartments to the potential of the hazards of *asbestos* and *lead paint*, which at all times relevant is directly *traceable* to defendants', that each and every tenant in the **540 unit** apartment complex are innocent victims of a *"blanket eviction"* carried out under the pretense of renovation to cover-up the fingerprints of *ongoing* exposure to hazardous asbestos injurious to their health, discourage and avoid litigation, and conveniently, dispose of claimants' and witnesses, who like a herd of sheep *conformed and conformed in silence* while unaware of a *"Catch 22"* situation that asbestos injury usually takes several years to experience the symptoms while the dictates of the law mandate a two year *statute of limitations* to file a suit.

Mr. Parker submits that under the circumstances that no one whatsoever gives a *"purple hoot"* whether he lives or dies, that this is a legitimate cause of action for justice, not *"Just Us;"* and, although this cause of action may by some be considered *politically incorrect*, the people at Hunting Point and the thousands of Alexandrians' who are being displaced by *gentrification* pray it is correct

## FIFTH CAUSE OF ACTION

15. The allegations contained in Paragraphs 1 – 14 are incorporated herein, by reference, pursuant to Rule10 (c), Federal Rules of Civil Procedure, as if fully stated again.

16. Mr. Parker alleges, and submits, that in no way whatsoever is this cause of action a frivolous Complaint; further, that plaintiff has legitimate and legal *standing; that this honorable court has venue, subject-matter jurisdiction and federal court jurisdiction;* and, that the Complaint on its face in accordance with Rule 8, Federal Rules Civil Procedure, *states a claim upon which relief can be granted*; and plaintiff states, *under oath* and *threat of perjury* that good faith service of process upon defendants' by the Office of the United States Marshall Service has been initiated and carried out in this cause of action, the court mindfully awared of the obstacles for plaintiff process..

The factual plausibility in this amended complaint is more than sufficient to allow this honorable court to draw a *reasonable inference* that defendants are liable for their acts, actions and injurious misconduct as a matter proper for jury deliberation.

## SIXTH CAUSE OF ACTION

17. The allegations contained in Paragraphs 1 -16 are incorporated herein, by reference pursuant to Rule (10 (c) of the Federal Rules of Civil Procedure, as if fully stated again.

18. Mr. Parker alleges that there is a direct "cause and effect" to the irreparable injury that he is experiencing directly identifiable to defendants' as the result of direct and uncontrollable exposure, unprotected inhalation, asbestos lingering environment and a total and callous disregard for personal safety of Mr. Parker both by defendant *Laramar Group* and the United States Environmental Protection Agency (EPA), which has been *ongoing* to the detriment of plaintiff resulting in hospitalization, medical surgery, health rehabilitation and permanent *irreparable* damage to the anatomy due to *mesothelioma* disease, the only established *causal factor* being the exposure to asbestos or similar fibers. Asbestes arises when the fibers become airborn and are inhaled; further, because of the size fo the fibers, the lungs cannot expose them. Mr. Parker alleges that the asbestos problem is much more serious for an 87 year old senior that persons much younger, although death has no age limit.

## SEVENTH CAUSE OF ACTION

19. The allegations contained in Paragraphs 1 – 18 are hereby incorporated, by reference, pursuant to Rule 10 (c) of the Federal Rules of Civil Procedure, as if fully stated again.

20. Plaintiff alleges that he has suffered damage and *financial loss* to his newly formed professional career, which over the past three years has required adapting to the world of electronics for a paperless century, professional affiliation acceptance and the *ongoing* creation and protection of intellectual property to launch a career as a performer, which due to the *irreparable injury* to the *larynx* caused by defendants' has wiped out years of preparation, expense and creativity as a sacrificial contribution to their cosmetic empire modus operandi that: "If it doesn't make dollars, then it doesn't make sense."

Mr. Parker alleges that the personal injury combined with the career loss more than justifies a favorable decision by this honorable court since undetected cancers may also occur in the lung, chest cavity, gastrointestinal and kidney as well as the larynx, which are all linked to asbestos diffuse pleural thickening, a medical consequence no one should have happen to them; especially, in the *twilight years*.

**WHEREFORE**, plaintiff prays that this honorable court *grant* the following:

1. Enter an Order that defendants' are in violation of plaintiff's constitutional and civil rights for reasons set forth above;

2. Enter a cease and desist Order, only if necessary, to halt the *blanket eviction* of the 540 units of the Hunting Point Apartments (a/k/a as "Bridgeyard") including plaintiff's *Notice of Eviction*;

3. Enter an Order for reimbursement of costs for plaintiff's career damage;

4. Enter an Order finding *gentrification* unconstitutional and in violation of constitutional and civil rights;

-11-

5. Enter an Order awarding Mr. Parker **Five Hundred Million Dollars ($500,000,000)** from defendant United States Environmental Protection Agency; and **Five Hundred Million Dollars ($500,000,000)** from the Chicago based *Laramar Group* Defendants' for injury to collectively include: (1) actual damages; (2) prospective added damages; (3) prospective compensatory damages; (4) consequential damages; (5) continuing damages; (6) discretionary/indeterminate *jury* damages; (7) expectation damages; (8) foreseeable damages; (9) future damages; (10) general damages; (11) intervening damages; (12) irreparable damages; (13) moratory damages; (14) nonpecuniary damages; (15) permanent damages;(16) putative damages; (17) reliance damages, (18)reliance-loss damages (19) restitution damages; and, (20) punitive damages.

# TRIAL BY JURY

Plaintiff moves this honorable court for trial by jury before a United States federal Judge, not a magistrate, pursuant to **Rules 16, 39 (a)** of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States. The exercise of this *right* to trial by jury satisfies the threshold requirements below:

1. The federal issue claims asserted trigger the *right* to trial by jury;
2. Claims brought under federal statute, federal law and the Constitution of the United States confer a *right* to jury;
3. The Seventh Amendment to the Constitution of the United States does not apply to "state" courts, even when a litigant is enforcing a *right* created by federal law;

4. The amount in controversy exceeds the basic requirement for federal court jurisdiction.

In addition to the jury trial, Mr. Parker moves this honorable court to proceed with the constitutional issue of "gentrification" raised *in the first instance* by following procedures set forth in **28 U.S.C. § 2284** to convene a three judge court to expedite United States Supreme Court review, if it becomes necessary.

Respectfully submitted,

/s/ Ray Elbert Parker

Ray Elbert Parker,
Plaintiff Pro se

Bridgeyard Apartments
1204 South Washington Street
Suite 604 W
Alexandria, Virginia 22314
(703) 328 - 2366

I, *Ray Elbert Parker*, hereby certify this **31st day of August, 2015**, that the above statements are true to the best of my knowledge, opinion and belief.

Respectfully submitted,

/s/ *Ray Elbert Parker*
Ray Elbert Parker,
Plaintiff

Bridgeyard Apartments
1204 South Washington Street
Suite 604 W
Alexndria, Virginia 22314
(703) 328 - 2366

**STATE OF VIRGINIA** )
)
**CITY OF ALEXANDRIA** )
)
_____ )

The *affivant* named above personally appeared before me this **31st day of August, 2015**, a *Notary Public*, who I am satisfied is the person who prepared the amended complaint under oath, and who by his respective signature in my presence has acknowledgd the same as his voluntary act; **IN TESTIMONY THEREFORE** I have set my hand and affixed my offficial seal on the date given above.

/s/ *Kamla Rodriguez*
**NOTARY PUBLIC**

My Commission expires: 08-30-2016

[Notary Seal: KAMLA RODRIGUEZ, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, MY COMMISSION NUMBER 352310]

-14-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2015 AUG 31 P 1:50

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Ray Elbert Parker
Plaintiff,

v.

Hunting Point Apartments, LLC et al.,
Defendant.

Civil Action No. 1:15cv590

## CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

Ray Elbert Parker
Name of *Pro Se* Party (Print or Type)

Ray Elbert Parker
Signature of *Pro Se* Party

Executed on: August 31, 2015 (Date)

---

OR

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type))

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

AO 440 (Rev. 06/12) Summons in a Civil Action

RECEIVED 8-31-15
by USMS

## UNITED STATES DISTRICT COURT
for the

2015 AUG 31 P 1:58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

__Ray Elbert Parker__
Plaintiff(s)

v.

__Hunting Point Apartments LLC__
Defendant(s)

Civil Action No. 1;15cv590

Amended
SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Ira Lubert
Lubert-Adler Realty
2929 Arch Street
Suite 1650
Philadelphia, Pennsylvania 19104

A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:15cv590

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: